WALLACE, Circuit Judge,
dissenting:
The central question in this case is whether William Neuman was a shareholder of Heller Ehrman LLP at the time of the firm’s dissolution. The bankruptcy court conducted a bench trial, made findings of fact, and found that Neuman was not a shareholder during the relevant time period. The majority reverses, holding that the bankruptcy court’s findings of fact were clearly erroneous and its conclusions of law incorrect. I would affirm the judgment because the bankruptcy court did not make clearly erroneous factual findings and its conclusions of California law were correct.
“Under statutory rules of contract interpretation, the mutual intention of the parties at the time the contract is formed governs interpretation. Such intent is to be inferred, if possible, solely from the written provisions of the contract.” Waller v. Truck Ins. Exchange, Inc., 11 Cal.4th 1, 18, 44 Cal.Rptr.2d 370, 900 P.2d 619 (1995) (quoting Cal. Civ. Code § 1636).
The contract at issue here, Neuman’s 2007 employment agreement, was drafted poorly and ambiguously—a surprising outcome considering the legal firepower on both sides. Thus, the bankruptcy court property turned to extrinsic evidence in search of the mutual intent of the parties, and concluded that Neuman was not a shareholder during the relevant time period. I agree with the bankruptcy court for the following reasons.
First, and most importantly,- we must look to Neuman’s compensation structure. The 2007 contract stated that “for four years” Neuman’s “annual compensation shall be fixed at $775,000.” Furthermore, the contract stated that Neuman “will not appear on the variable compensation list published each year by the Compensation Committee, nor shall [Neuman] be required to make capital contributions through the purchase of preferred stock.”
To me, the hallmark of being a partner or a shareholder in a law firm is having an equity stake in the firm’s profits and losses. Here, upon signing the 2007 agreement, Neuman no longer had any economic stake in the firm’s bottom line. Rather, his compensation and economic stake was fixed, notwithstanding the economic success (or failure as it turns out) of the firm. Thus, Neuman was in the same position as the other salaried employees, such as associates and staff.
The second reason relates to Heller’s corporate structure. The bankruptcy court *484 made the factual finding that Heller shareholders were employed by regional PCs, whereas the salaried employees were employed by the central LLP. Up until 2007, Neuman was employed by Heller California PC, while employees of the firm, such as associates, were employed by the LLP. Neuman’s 2007 employment contract is explicit—it states that it is a “new agreement with Heller Ehrman LLP.” The agreement is signed by an officer by the LLP (not an officer of the PC). The inclusion of the LLP demonstrates the intent of the parties to change Neuman’s status. If the parties’ intent was for Neuman to remain a shareholder, and that his compensation scheme was merely being tweaked as the majority holds, then this agreement would have been .with the regional Heller PC. Instead, however, the 2007 agreement was with the LLP, which employed the salaried employees, not the shareholders.
The majority responds to this inconvenient fact by stating: “Even though Heller Ehrman LLP signed the 2007 Letter Agreement, not Heller CA PC, the Employment Agreement makes clear that when it refers to decisions or actions by ‘the [PC] ’ in such matters as ‘determination of employee compensation,’ that also includes decisions by the LLC [sic].” I respectfully disagree. The Employment Agreement makes no mention of the LLP. It certainly does not “make clear” that when it refers to compensation decisions by the PC, it actually means the LLP too. The majority’s clairvoyant ability to discern that the Employment Agreement’s compensation language “also includes decisions by the LL[P],” despite its failure to even mention the LLP, does not withstand any level of scrutiny.
Other factors weighing in Neuman’s favor are that, as stated above, the 2007 agreement stated that Neuman “will not appear on the variable compensation list published each year by the Compensation Committee, nor shall [Neuman] be required to make capital contributions through the purchase of preferred stock.” Furthermore, the Heller partnership documents stated explicitly that variable compensation, described within the Heller documents, is the “Exclusive Basis for [Shareholder] Compensation.” The fact that Neuman agreed to a fixed salary again demonstrates his employee status, because he did not participate in the exclusive manner in which shareholders were paid.
It seems to me that these findings of fact were not erroneous—and especially not clearly erroneous. But the majority relies on several factors weighing against Neuman to conclude he remained a shareholder despite signing the 2007 agreement. This conclusion is conceivable, considering how defectively the 2007 agreement was drafted. Nevertheless, under California law, what matters is the intent of the parties. The bankruptcy court, which heard live testimony from the relevant players, was in the best position to determine that intent. The bankruptcy court’s findings of fact were not clearly erroneous and the conclusions of law that followed from them were correct under California law. Accordingly, I would affirm the bankruptcy court’s judgment, and decide that its findings were not clearly erroneous.